**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52299**

| | |
|---|---|
| WAYNE DOUGLAS MERKLEY, | ) |
| | ) Filed: August 14, 2026 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Oneida County. Hon. Robert C. Naftz, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Wayne Douglas Merkley, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; T. Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

PETTY, Judge

Wayne Douglas Merkley appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Merkley pled guilty to sexual abuse of a child under the age of sixteen years. More than thirteen years after the expiration of the time to file an appeal in his underlying criminal case, Merkley filed a pro se petition for post-conviction relief and a motion for the appointment of counsel. Merkley was appointed counsel, and an amended petition for post-conviction relief was filed. In his amended petition Merkley alleged: (1) he suffered from mental illness and may not have been competent during the criminal proceedings; (2) trial counsel was ineffective causing him to suffer prejudice in a civil commitment process; (3) "[t]rial counsel

1

practiced prosecutorial misconduct with discretionary errors of the court"; and (4) he was required to file habeas post-conviction "without any action by the court."

The State then moved for summary dismissal and argued: (1) the petition was untimely; (2) Merkley failed to provide sufficient evidence of ineffective assistance of counsel; (3) Merkley failed to show evidence of his mental incapacity at the time of his change of plea and sentencing; and (4) Merkley's claims fail to raise a genuine issue of material fact as to whether there was prosecutorial misconduct or errors of the district court.

The district court granted the State's motion for summary dismissal and dismissed Merkley's petition because it was untimely. Specifically, the district court found that there was "nothing in the record" to suggest any extraordinary circumstance prevented Merkley from timely filing or diligently pursuing his petition for post-conviction relief. The district court then entered a judgment summarily dismissing Merkley's petition for post-conviction relief with prejudice. Merkley appeals.

In this appeal, the State Appellate Public Defender's Office (SAPD) was initially appointed to represent Merkley. The SAPD then filed a motion to withdraw because it was unable to identify any meritorious issue on appeal, and this Court granted the motion. Subsequently, Merkley filed a motion for reconsideration which was denied. Merkley then filed a motion for the appointment of conflict counsel, and this motion was also denied.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

As the appellant, Merkley has the burden of alleging and showing in the record an error by the district court in his post-conviction proceeding. *See Almada v. State*, 108 Idaho 221, 224, 697

P.2d 1235, 1238 (Ct. App. 1985). Under Idaho Appellate Rule 35(a)(6), the argument in an appellant's brief must "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." This Court will neither search the record for error nor presume error on appeal. *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997). Additionally, assignments of error not asserted with particularity and supported with sufficient authority are too indefinite to be considered on appeal. *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010). Appellate courts will not consider general challenges to a trial court's findings and conclusions. *See PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018). Although Merkley is pursuing this appeal pro se, he must meet the same standards as those represented by counsel. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* Thus, Merkley must comply with the Idaho Appellate Rules.

Merkley's appellate brief includes two issues: (1) "I would like this court to first address a genuine issue of material fact"; and (2) "[m]y allegation the court has valid jurisdiction." The district court dismissed Merkley's petition because it was untimely. Merkley's brief does not challenge the basis for the district court's ruling. Merkley does not allege that the district court made an error when it granted the State's motion for summary dismissal. Merkley has failed to adequately present an issue for this Court to review on appeal. Consequently, Merkley has waived the right to appeal any errors in the dismissal of his claims for post-conviction relief.

## IV.

## CONCLUSION

Merkley has failed to present an error by the district court for this Court to review on appeal. Consequently, Merkley has failed to show error in the summary dismissal of his claims. Therefore, the district court's judgment summarily dismissing Merkley's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge FLEMING, **CONCUR**.

3